UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Montana Resources, Inc., *et al.*,

    Petitioners,

—v—

ASARCO LLC, *et al.*,

    Respondents.

18-MC-434 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

    Petitioners Montana Resources, Inc., and Montana Resources, LLP, bring this motion to quash a non-party subpoena against Respondents ASARCO LLC and ASARCO Master, Inc. The subpoena at issue was served as part of a contract dispute brought by Respondents against Petitioners in the Southern District of Texas. *See ASARCO LLC, et al. v. Montana Resources, Inc., et al.*, No. 1:12-CV-137 (S.D. Tex.) ("the underlying action"). For the foregoing reasons, the Court GRANTS the motion to quash.

I. **Background**

    This controversy arose out of damages discovery concerning valuation of the copper reserves at issue in the underlying action. *See* Dkt. 2-2, Hearing Tr. at 3:4–5:10. As part of that discovery, Respondents propounded document requests on Petitioners. *See* Dkt. No. 2-3. Petitioners then moved for a protective order concerning the requested documents, and Respondents filed a motion to compel in response. *See* Dkt. No. 2, Pet. Mem. at 3. On August 31, 2018, Judge Andrew Hanen held a conference addressing these pending motions. *See* Hearing Tr. at 3:4–8, 10:4–21.

    At the hearing, Respondents explained that they seek historical reserve reports so that

their experts can accurately value the interest they claim they are owed. Hearing Tr. at 3:9–5:10. Respondents proceeded to state that they did not believe the parties had "a real dispute . . . about the type of the underlying documents," but rather the time period: whether they could obtain "five years of historical information" concerning "what was known to the parties at the time of the breach." *Id.* at 5:11–13, 4:24–5:3. Explaining that he was "taking [Respondents' counsel's] word" that the universe of documents was "basically . . . agreed" upon, Judge Hanen ordered Petitioners to produce "that same universe" for 2010 and 2011 and five years of reserve reports. *Id.* at 10:4–15, 10:19–21.

Respondents then notified Petitioners of their intent to subpoena Deloitte Tax LLP ("Deloitte"), Petitioners' tax adviser. *See* Dkt. No. 2-1. That subpoena requests substantially the same documents Respondents sought from Petitioners, *see* Pet. Mem., Dkt. No. 2 at 4 & n.15, and is the subject of the instant motion to quash. Pet. Mem. at 4. Petitioners contend that the subpoena constitutes an end run around Judge Hanen's prior ruling, while Respondents maintain that Judge Hanen made only a limited ruling concerning the timeframe over which the agreed set of documents had to be produced. Pet. Mem. at 4–5; Resp. Opp., Dkt. No. 11 at 4.

## II. Discussion

As an initial matter, non-party subpoenas are "subject to Rule 26(b)(1)'s overriding relevance requirement." *Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 57 (S.D.N.Y. 2018) (quotation omitted). Because this Court concludes that Respondent's subpoena does not meet this initial hurdle, it need not address the parties' remaining arguments.

Petitioners' submissions make clear that the question of the relevance of the documents at issue was teed up before Judge Hanen in the underlying action. *See* Pet. Mem. at 6; Pet. Reply, Dkt. No. 12 at 3–4; *see also* Dkt. Nos. 2-3–2-6. Even if Respondent is correct that Judge Hanen

2

did not make a final relevancy determination, that is only the case because Respondent attempted to withdraw that question from his consideration after it had been briefed. Before this Court, Respondent has made no showing that its attempt to reopen the question of relevance and to obtain the same documents from Petitioners' tax preparer is consistent with Judge Hanen's management of discovery in the underlying action or otherwise "proportional to the needs of this case." Fed. R. Civ. P. 26(b)(1).

At most, Respondent has asserted that it requires its counterparty's financial documents in order to facilitate its alternative damages calculation and has raised the prospect of variations between documents produced by Respondents and documents in the third party's possession. Resp. Mem. at 3, 7. But Respondent does not explain why this Court should credit assertions about a topic that was briefed in detail in the underlying action or provide any basis for its other concerns. Against this backdrop, the Court finds that Respondent's subpoena seeking substantially the same documents from a nonparty, without first attempting to obtain the documents in the underlying action, is disproportionate to the needs of the case. Even if it were not disproportionate, the Court would conclude that a limit on discovery is appropriate where, as here, "the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive": Respondent's counterparty in the underlying action. Fed. R. Civ. P. 26(b)(2)(C).

## III. Conclusion

For the foregoing reasons, the Court hereby GRANTS Petitioners' motion to quash but will permit Respondents leave to request that this matter be reopened if they can make a showing that their document request is appropriately presented in this forum.

This resolves Dkt. No. 1. The Clerk of Court is respectfully requested to close this miscellaneous action.

SO ORDERED.

Dated: January ___, 2019
       New York, New York

_____
ALISON J. NATHAN
United States District Judge